### J. A. MOULTRIE, Respondent, v. JOHN BROPHY, Appellant.

#### No. 1951; December 4, 1869.

**Appeal.—Where There has Been a Substantial Conflict of Evidence,** a judgment is not to be disturbed on the ground that it was unsupported by the evidence.

**New Trial—Denial No Ground of Complaint.—**Where, on a motion by the defendant for a new trial, the court so modifies the judgment as to accomplish for the moving party virtually all that a new trial could bring him, he has no cause for complaint if the motion as made is denied.

**Costs—Filling Blank in Judgment.—**The court, by filling a blank left in a judgment for the insertion of costs only performs a duty which would have devolved upon the clerk if the court had not so acted.

APPEAL from Third Judicial District, Santa Clara County.

Action of ejectment.

Spenser & Moultrie for respondent; S. O. Houghton for appellant.

CROCKETT, J.—There was a substantial conflict in the evidence as to whether Brophy was in possession of the whole tract, at the time of the commencement of the action; and we cannot disturb the judgment on the ground that it is unsupported by the evidence. Nor did the court err in modifying the judgment to the prejudice of the defendants. They moved for a new trial on the ground that the judgment, as originally entered, was erroneous, because it was for the possession of the whole tract, instead of one undivided half thereof. On the trial of the motion, the court admitted the error, and with the consent of the plaintiff, modified the judgment accordingly. We do not see on what ground the defendants can complain of this, or why there should be the useless formality of a new trial, in order to arrive at the same result, which was accomplished by modifying the judgment.

In filling the blank left in the first judgment for costs, by inserting the proper amount in the modified judgment, the court only performed a duty which would otherwise have devolved on the clerk; and there is nothing in the record to show that the cost bill was not filed in proper time.

.Judgment affirmed.

We concur: Sawyer, C. J.; Rhodes, J.; Sanderson, J.; Sprague, J.